Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
Proposed Substitute Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

Hearing Date: June 24, 2014
Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

MILLENIUM DEVELOPMENT &
CONSTRUCTION, LLC,

                Debtor.
------------------------------------------------------x

Chapter 11
Case No. 14-42411-ess

### DEBTORS' STATEMENT IN OPPOSITION TO MOTION OF
### MEI LING PROPERTY LLC FOR RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE:

      Millenium Development & Construction, LLC, the debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, submits this statement in opposition to the motion (the "Motion") of Mei Ling Property LLC ("Mei Ling") seeking relief from the automatic stay with regard to certain real property owned by the Debtor and located at 387 Manhattan Avenue, Brooklyn, New York 11211, Block: 02738, Lot: 0021 (the "Property"), and respectfully represents and alleges as follows:

### BACKGROUND

      1.      The Debtor is a "single asset realty" entity whose sole asset is the Property. The Property consists of a vacant lot (100' x 50') which is presently zoned for commercial/industrial use. (See Exhibit "B" to the Motion")

2. On or about May 22, 2008, and in furtherance of the purchase of the Property, Kryzstof Kielan (the principal and Managing Member of the Debtor) and Bernadetta Kielan (Kryzstof Kielan's wife) (together, the "Borrowers") each executed a promissory note (the "Note") in favor of Henryk Zawojek for the principal sum of $1,100,000.00. The repayment of the amounts owed under the Note are secured by a first priority mortgage lien against the Property (the "Mortgage"). The Borrowers subsequently conveyed title to the Property to the Debtor. (See Exhibit "B" to the Motion)

3. On or about October 17, 2008, Henry Zawojek commenced an action in the Supreme Court of the State of New York, County of Kings (the "Supreme Court"), titled *Henry Zawojek v. Millenium Development & Construction, LLC, et al.*, Index No. 28569/2008, seeking to foreclose the Mortgage against the Property (the "Foreclosure Action"). On July 9, 2010, a Judgment of Foreclosure and Sale was entered by the Supreme Court. (See Exhibit "D" to the Motion)

4. On or about September 6, 2013, the Mortgage and the underlying Note were asssigned by Henry Zawojek to Mei Ling. (See Exhibit "M" to the Motion) According to the corresponding "Assignment of Mortgage and Note", the outstanding balance under the Note as of September 6, 2013 allegedly totaled $1,594,909.00. (See Exhibit "M" to the Motion) Mei Ling was subsequently substituted for Henry Zawojek as plaintiff in the Foreclosure Action. (See Exhibit "N" to the Motion) Thereafter, and most recently, a foreclosure sale with regard to the Property was scheduled to be held on May 15, 2014.

5. On May 14, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this

2

Court, thereby staying the scheduled foreclosure sale of the Property.[1] Shortly thereafter, the Debtor filed its schedules of assets and liabilities.[2] The Debtor continues to manage its property and affairs as a debtor-in-possession.

6. On June 5, 2014, Mei Ling filed the instant Motion with this Court seeking relief from the automatic stay so as to sell the Property at a foreclosure sale in connection with the Foreclosure Action. By way of the Motion, Mei Ling asserts that, as of the Petition Date, the obligations owed under the Note totaled $1,985,566.40, not including legal fees or costs.[3] In support thereof, Mei Ling asserts, among other things, that the Debtor has no equity in the Property, the Debtor has not made any post-Petition Date payments to Mei Ling and the Debtor has not exercised its right of redemption under state law.

7. The Debtor believes that the Property has a fair market value of approximately $3,800,000.00. Other than the Mortgage held by Mei Ling, the only other potential claims which may be secured by liens against the Property are certain minimal amounts owed to the NYC Dept. of Finance for real estate tax obligations (believed to presently total less than $5,000.00) and certain notices of pendency filed by certain parties to pre-Petition Date contracts of sale seeking specific

---

[1] As more fully set forth in the Motion, on May 8, 2012, the Debtor commenced a chapter 7 case with this Court which was subsequently dismissed by Order dated June 3, 2013. (See Exhibits "K" and "L" to the Motion) As also discussed in the Motion, on October 11, 2012, the Borrowers commenced a joint chapter 13 case which was subsequently dismissed by Order dated June 4, 2013.

[2] The Debtor is in the process of finalizing certain amendments to its initially filed schedules of assets and liabilities. The Debtor hopes to have its amended schedules filed with the Court prior to the hearing on the Motion.

[3] The alleged $1,985,566.40 indebtedness asserted by Mei Ling in the Motion represents an increase of some $390,657.40 over the $1,594,909.00 outstanding balance reflected in the "Assignment of Mortgage and Note" which was executed only eight months prior on September 6, 2013. As of the date hereof, Mei Ling has not filed any proof of claim in the Debtor's case with regard to the amounts allegedly owed under the Note.

performance.[4] The Debtor has been working to find a suitable purchaser for the Property and, recently, was presented with a $3,800,000.00 purchase offer from a third-party and a proposed contract of sale was provided to counsel to the proposed purchaser. The proposed purchaser and the Debtor are working out certain details relating the Property, including the actual "buildable" square footage of the Property. In the interim, the Debtor is speaking to other potentially interested purchasers. The Debtor is exploring the retention of a real estate broker to undertake further marketing efforts with regard to the Property (if a deal cannot be consummated with the parties with whom the Debtor is currently speaking with) in furtherance of confirming a chapter 11 plan in short order.

**DISCUSSION**

8. Pursuant to §§362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), a party is entitled to relief from the automatic stay for "cause, including the lack of adequate protection of an interest in property of such party in interest" or, with regard to an act against property, upon a showing that: (a) the debtor does not have an equity in the subject property; *and* (b) such property is not necessary to an effective reorganization. 11 U.S.C. §§362(d)(1) and (d)(2).[5]

9. The Bankruptcy Code does not define the term "cause" under §362(d)(1) however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." In re Sonnax Industries, Inc., 907

---

[4] The Debtor will shortly be filing motions seeking to reject each of the contracts under which specific performance is being sought.

[5] Mei Ling fails to refer to any specific section or subsection of §362 of the Bankruptcy Code as a basis for the relief sought by way of the Motion. The Debtor assumes that Mei Ling is seeking relief under §§362(d)(1) and (d)(2) in responding to the Motion.

F.2d 1280, 1286 (2d Cir. 1990) (*quoting* H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof under §362(d)(1) is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999). Similarly, with regard to relief under §362(d)(2), the movant bears the burden of establishing that the debtor does not have an equity in the property and that the property is not necessary to an effective reorganization. *See, e.g.*, In re Mount Moriah Baptist Church, Inc., 2010 Bankr. LEXIS 1611, *8-9 (Bankr. S.D.N.Y. 2010); 11 U.S.C. §362(g).

10. It is respectfully submitted that the Motion should be denied because Mei Ling has not demonstrated either that "cause" exists for relief from the automatic stay under §362(d)(1) or that the Debtor does not have equity in the Property and that the Property is not necessary to an effective reorganization under §362(d)(2). As discussed above, the Debtor is continuing its pre-Petition Date efforts to negotiate a suitable sale or disposition of the Property which is believed to be worth well in excess of the amounts secured thereby.[6] In this regard, Mei Ling failed to provide any appraisal or other evidence reflecting the value of the Property in support of its burden of demonstrating that the Debtor does not have equity in the Property. Moreover, the Property is undoubtedly necessary to an effective reorganization of the Debtor as the Property constitutes the Debtor's primary asset and the Debtor's sole business purpose.

---

[6] Mei Ling's reference to the Debtor having not exercised its state law right of redemption with regard to the Property has no bearing upon and does not support the relief requested by way of the Motion. It should not be disputed that a right of redemption may be exercised at any time prior to the foreclosure sale of the subject property which has not yet occurred with regard to the Property.

11. Upon receipt of an acceptable purchase offer for the Property and the execution of a contract of sale, the Debtor intends to promptly submit a proposed chapter 11 plan which would be funded by the proceeds of the sale of the Property and would most likely result in a 100% distribution to the Debtor's creditors. As of the date hereof, the Debtor's case is only one month old and the Debtor should be permitted a reasonable opportunity to pursue a sale of the Property and subsequent confirmation of a chapter 11 plan. In the interim, Mei Ling's interests in the Property are amply protected by the significant "equity cushion" concerning the Property.[7]

## CONCLUSION

12. Based upon the foregoing, the Debtor respectfully requests that this Court deny the Motion in its entirety and grant such other and further relief as may be just and proper.

Dated: New York, New York
       June 17, 2014

                         **PICK & ZABICKI LLP**
                         Proposed Substitute Counsel to the Debtor

                 By: _____
                         Douglas J. Pick
                         369 Lexington Avenue, 12th Floor
                         New York, New York 10017
                         (212) 695-6000

---

[7] Mei Ling's suggestion that the Court "should consider" entering an Order to show cause to sanction the Debtor or its counsel in connection with the Debtor's instant chapter 11 case is entirely without merit and should be disregarded by this Court. This request is seemingly based upon the Debtor and the Borrowers having each filed a prior bankruptcy case which were subsequently dismissed. Respectfully, if this Court were to direct such relief in all cases involving "repeat" filers, the docket would be crowded indeed. Nevertheless, the Debtor commenced its instant chapter 11 case for the legitimate, good faith purposes of pursuing an approved sale of the Property and confirming a chapter 11 plan and it should be permitted an opportunity to do so.